IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02262-BNB

WAYNE SATAR,

      Applicant,

v.

VANCE EVERETT, Warden of Kit Carson Correctional Facility, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2011

GREGORY C. LANGHAM

---

## ORDER OF DISMISSAL

---

Applicant, Wayne Satar, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado.  Mr. Satar has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1].  He challenges the validity of his convictions and sentence in El Paso County District Court Case No. 01CR2778.

In an order filed on September 20, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On September 29, 2011, Respondents submitted a pre-answer response after receiving a thirty-day extension of time.  Mr. Satar was given an opportunity to file a reply.

The Court must construe liberally the Application filed by Mr. Satar because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice.

On October 15, 2001, Mr. Satar was convicted pursuant to his guilty plea of sexual assault on a child by one in a position of trust. Pre-Answer Resp. Ex. B, at 1. On January 14, 2002, he was sentenced to an indeterminate prison term of sixteen years to life. *Id.* at 2. Mr. Satar did not file a direct appeal of his conviction or sentence.

On April 11, 2002, Mr. Satar filed a motion for reconsideration of his sentence, which was denied by the state trial court on April 16, 2002. *Id.*, Ex. C, at 4. Applicant filed a notice of appeal on May 31, 2002. *Id.* On July 24, 2002, a division of the Colorado Court of Appeals vacated the trial court's order, remanding the case with directions for the trial court to issue a new order either denying the motion for sentence reconsideration with appropriate findings or granting Applicant permission to supplement the motion. *People v. Satar*, No. 02CA1072 (Colo. App. July 24, 2003) (unpublished), Pre-Answer Resp., Ex. D. On September 8, 2009, the trial court ordered Mr. Satar to submit any documents in support of his motion for reconsideration by December 4, 2009. *Id.*, Ex. C, at 3. On December 8, 2009, the trial court denied Mr. Satar's motion for reconsideration of his sentence. *Id.*, at 2. Mr. Satar did not appeal the trial court's order.

2

Mr. Satar filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(a) and (c) on February 13, 2009, asserting ineffective assistance of counsel and challenging the legality of his sentence. Pre-Answer Resp. Ex. C, at 3.  The trial court denied Applicant's motions without a hearing on February 17, 2009.  *Id.*  A division of the Colorado Court of Appeals affirmed the trial court's order on November 19, 2009. *People v. Satar*, 09CA0521 (Colo. App. Nov. 19, 2009) (unpublished), Pre-Answer Resp. Ex. C.

On April 1, 2010, Mr. Satar filed a habeas petition in the state trial court asserting claims that the state court lacked jurisdiction over him, ineffective assistance of counsel, deprivation of the right to a jury trial, and challenging the DOC's enforcement of his sentence.  Pre-Answer Resp. Ex. C, at 2; Ex. H, at 1.  The state trial court treated his motion as a successive motion for post-conviction relief (except for the claims against the DOC), and denied the motion on April 2, 2010.  *Id.*, Ex. C, at 2.  A division of the Colorado Court of Appeals affirmed the trial court's order on December 23, 2010. *People v. Satar*, No. 10CA0835 (Colo. App. Dec. 23, 2010) (unpublished), Pre-Answer Resp. Ex. H.

Mr. Satar filed his § 2254 Application on August 29, 2011, asserting three claims: (1) his guilty plea was not knowing and voluntary; (2) his court-appointed counsel was ineffective during the plea process and in failing to investigate the case; and, (3) his sentence is illegal under the Colorado Lifetime Supervision of Sex Offenders Act,

3

COLO. REV. STAT. ("C.R.S."), § 18-1.3-1004(1)(a) (2010), as interpreted in *Vensor v. People*, 151 P.3d 1274 (Colo. 2007).

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further argue that Mr. Satar failed to exhaust state remedies for two of his claims. Respondents maintain that Applicant's unexhausted claims are subject to an anticipatory procedural bar. In the alternative, Respondents contend that the Application must be dismissed as a mixed petition, pursuant to *Rose v. Lundy,* 455 U.S. 509 (1982).

## I. AEDPA Time Bar

Respondents first argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Satar's conviction became final on February 28, 2002, forty-five days after he was sentenced on January 14, 2002. *See* Colo. App. R. 4(b). Accordingly, the statute began to run on March 1, 2002.

The Court must next determine whether any of Mr. Satar's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

5

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Satar filed a motion for sentence reconsideration on April 11, 2002, eighty-seven days after his sentence was imposed. That motion was timely pursuant to Colo. Crim. P. Rule 35(b). *See* Colo. Crim. P. R. 35(b) (requiring that a motion to reconsider sentence be filed within 120 days after sentencing). A timely filed motion for sentence reconsideration pursuant to Colo. Crim. P. Rule 35(b) tolls the one-year limitation period. *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006). Accordingly, the filing of the motion tolled the one-year limitation period, which had run for **42 days** from March 1, 2002.

Respondents assert that after the Colorado Court of Appeals issued the July 24, 2002 decision, the state trial court never acted on the remand order. Respondents suggest that Mr. Satar abandoned his motion for sentence reconsideration by failing to communicate with the state trial court to execute the remand order. Pre-Answer Response, at 4. The Court has reviewed the "Colorado State Courts – Data Access" report attached to the Pre-Answer Response. The document reflects that the trial court delayed action on the Colorado Court of Appeals remand order and eventually issued

6

compliance orders in 2009.  Pre-Answer Resp. Ex. C, at 2-3.  After providing Applicant with an opportunity to submit supporting documentation, the court denied Applicant's motion for reconsideration on December 8, 2009.

The Court finds that Mr. Satar is entitled to have the limitations period tolled during the seven years that his motion for sentence reconsideration was pending in the state trial court on remand from the Colorado Court of Appeals.  Although Applicant could have obtained an earlier resolution by communicating with the state trial court, he did not abandon his motion entirely.  *Cf. **Wood v. Milyard***, 403 F. App'x. 335, 338-39 (10th Cir. 2010) (concluding that habeas petitioner abandoned 1995 state post-conviction motion where he made no attempt to communicate with state court for eight years, trial court never ruled on motion, and petitioner claimed in his 2004 habeas application that "no other post-conviction proceedings [had been filed].").  When the trial court did eventually execute the remand order and provide Mr. Satar with an opportunity to submit supporting documentation, he filed a letter with attached affidavits.  Pre-Answer Resp. Ex. C, at 2.  The Data Access Report shows that Mr. Satar attempted to comply with the state trial court's directives, which is inconsistent with an intent to abandon the motion.

Moreover, the Court further finds that the motion for reconsideration remained pending until February 6, 2010, the time during which Mr. Satar could have appealed the trial court's order denying the motion.  *See* Colo. R. App. P. 4(b)(1); ***Gibson***, 232 F.3d at 804 ("regardless of whether a petitioner actually appeals a denial of a post-

7

conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.") (Emphasis in the original). Although Mr. Satar's motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(a) and (c) was also pending at that time, the pendency of that motion did not extend beyond February 6, 2010.  The Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion on November 19, 2009, and the limitation period was tolled until January 4, 2010, the period during which Mr. Satar could have filed a petition for certiorari review in the Colorado Supreme Court.  *See* C.A.R. 52(b)(3) (defendant has forty-six days from entry of judgment to file petition for certiorari review with the Colorado Supreme Court from a decision by the Colorado Court of Appeals when no petition for rehearing is filed).  Therefore, the pendency of the motion for sentence reconsideration provided the greater tolling period.

The AEDPA time clock began to run again on February 7, 2010, one day after the time for filing an appeal on Applicant's motion for reconsideration of sentence expired.  Another **fifty-four days** passed before Mr. Satar filed his "habeas petition" (second motion for post-conviction relief) in the state district court on April 2, 1010.  A total of **ninety-six days** had expired (**42 + 54 days**) on the AEDPA time clock.  The "habeas petition," which the state trial court construed as a second motion for post-conviction relief under Colo. Crim. P. Rule 35(c), tolled the limitations period until February 7, 2011, the deadline for Mr. Satar to seek certiorari review in the Colorado

8

Supreme Court after the Colorado Court of Appeals affirmed the trial court's order on December 23, 2010. *See* C.A.R. 52(b)(3)

The limitations period commenced again on February 8, 2011 and ran for **202 days** until Mr. Satar initiated this action on August 29, 2011.

In sum, a total of **298 days (42 + 54 +202 days)** expired on the AEDPA time clock between the date Mr. Satar's conviction became final and the date he filed his § 2254 Application. The Application, therefore, is timely. Accordingly, the Court rejects Respondent's argument that the Application must be dismissed as barred by the AEDPA one-year limitation period.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.

9

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir.1995).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to

consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501

U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

Respondents acknowledge that Applicant may have exhausted his ineffective

assistance of counsel claim in one of his state post-conviction proceedings. *See* Pre-

Answer Resp., at 10-11, Exs. F and H.  Respondents argue, however, that Applicant

has not exhausted state remedies for his first and third claims because he did not fairly

present the claims to the state courts. *Id.*, at 10-11.  Respondents further maintain that

Applicant does not have a state remedy available to him for the unexhausted claims

because the state trial court would reject the claims as untimely and successive.

*See* § 16-5-402, C.R.S. (2010) (imposing three-year limitation period for collateral

attacks on convictions for non-class one felonies); Colo. Crim. P. Rule 35(c)(3)(VII)

("The court shall deny any claim that could have been presented in . . . a post-conviction

proceeding previously brought," subject to exceptions not applicable here).

Consequently, Respondents argue, Mr. Satar would be procedurally barred from

bringing claims one and three in the state courts at this time.  Alternatively,

Respondents maintain that the Application is subject to dismissal as a mixed petition

because it contains both exhausted and unexhausted claims.

Mr. Satar's first claim, in which he asserts that his plea was not knowing and

voluntary, is a Constitutional claim that is properly asserted in a motion for post-

conviction relief pursuant to Colo. Crim. P. Rule 35(c).  *See* Colo. Crim. P. 35(c)(2)(I)

(providing for relief when a conviction was obtained "in violation of the Constitution");

11

*People v. Collier*, 151 P.3d 668, 672 (Colo. App. 2006) (recognizing that Colo. Crim. P. Rule 35(c) provides for relief for constitutional claims). Because Mr. Satar would have to assert the substance of claim one in a successive Rule 35(c) motion, Respondents' arguments concerning anticipatory procedural bar may have merit. If Applicant's first claim would be barred from further review in the state court on an independent and adequate state procedural ground, the claim technically is exhausted because Mr. Satar no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. However, this Court would not review the merits of the claim unless the procedural default is excused through a showing of cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

With respect to claim two, the Colorado Court of Appeals affirmed the trial court's order denying Mr. Satar's ineffective assistance of counsel claim as time-barred pursuant to § 16-5-402, C.R.S. *See* Pre-Answer Resp., Ex. H. Therefore, if Mr. Satar presented his ineffective assistance of counsel claim to the state courts in his first motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), the state's application of a procedural bar would preclude this Court from reaching the merits of that claim unless he can meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. Again, if he did not present to the state courts the same claim that he now asserts in the Application, state procedural rules may prevent him from going back for another bite of the apple.

In claim three, Mr. Satar challenges his sentence as unlawful under the Lifetime Supervision of Sex Offenders Act, § 18.1.3-1004(1), C.R.S. (2010).  Colo. Crim. P. Rule 35(a) provides the avenue of relief when a sentence is "contrary to the legislative sentencing scheme."  *People v. Barton*, 174 P.3d 786, 789 (Colo. 2008) (citing *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006)).  Pursuant to Colo. Crim. P. Rule 35(a), "[t]he court may correct a sentence that was not authorized by law or that was imposed without jurisdiction *at any time*." (Emphasis supplied).  Accordingly, Mr. Satar may yet have an available remedy to him in the state courts for his third claim.

The Court will not reach the merits of Respondents' exhaustion and procedural default arguments at this time.  Even if Respondents are correct that Mr. Satar has technically satisfied the exhaustion requirement for claims one and two through his procedural default, the Court cannot dismiss those claims as procedurally barred, which would operate as a decision on the merits, and also dismiss claim three for failure to exhaust state remedies.  Instead, the Court must dismiss the entire action as a mixed petition.  *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.[1]  It is

---

[1]The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Satar also will be timely. The time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").

13

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Satar has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __28th__ day of __October__, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-02262-BNB

Wayne Satar
Prisoner No.  111818
Kit Carson Correctional Center
PO Box 2000
Burlington, CO 80807

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to the above-named individuals on October 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk